TILLINGHAST et al. v. RICHARDS, U. S. Marshal, et al.

(District Court, D. Rhode Island.   June 30, 1916.)

No. 1260.

1. CRIMINAL LAW ⬤⟿113—JURISDICTION—DISTRICT—INTERNAL REVENUE—
INDICTMENT.
    An indictment found in the Southern district of New York charged defendants, who manufactured oleomargarine in Rhode Island, with conspiring to defraud the United States internal revenue laws, alleging the concealment and clandestine use of artificial coloration, the failure to report such use to revenue officers, and the removal of such oleomargarine from the place of manufacture for consumption and use as and for uncolored oleomargarine without payment of taxes due thereon. It charged a concealment in the Southern district of New York as part of the plan and as means to effect the fraud. Held that, as the acts of concealment in New York were overt acts committed pursuant to the conspiracy, the indictment was sufficient to charge an offense of which the District Court for the Southern District of New York had jurisdiction.
    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 190, 232; Dec. Dig. ⬤⟿113.]

2. CONSPIRACY ⬤⟿27⟞—OFFENSES—OVERT ACTS.
    In a prosecution for conspiracy to defraud the United States of its lawful revenue, a single overt act is sufficient to complete the statutory offense.
    [Ed. Note.—For other cases, see Conspiracy, Cent. Dig. §§ 38, 39; Dec. Dig. ⬤⟿27.]

3. CRIMINAL LAW ⬤⟿113—JURISDICTION—DISTRICT—INTERNAL REVENUE.
    Where, pursuant to conspiracy to defraud the United States of internal revenue, overt acts were committed within a federal district, the

court for that district has jurisdiction, regardless of where the conspiracy was entered into.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 190, 232; Dec. Dig. ☞113.]

At Law. Application by F. W. Tillinghast and others for writ of habeas corpus against J. J. Richards, United States Marshal, and others. Petition dismissed.

See, also, 225 Fed. 226.

Charles C. Mumford, John S. Murdock, and Michael J. Lynch, all of Providence, R. I., for plaintiffs.

Harvey A. Baker, U. S. Atty., of Providence, R. I., for defendants.

BROWN, District Judge. The marshal's return to the writ of habeas corpus shows that the petitioners were in his custody by virtue of warrants of commitment issued by United States Commissioner Healy, after an examination and a finding of probable cause.

The evidence of probable cause before the commissioner consisted of a certified copy of an indictment found by the grand jury of the District Court of the United States for the Southern District of New York, charging the defendants with a conspiracy to defraud the United States, and the doing of acts within that district to effect the object of the conspiracy.

Former proceedings against these petitioners are set forth in Tillinghast et al. v. Richards, U. S. Marshal, et al. (D. C.) 225 Fed. 226.

I agree with the opinion of the commissioner that the charge in the indictment before the court in that case is not the same as the charge contained in any of the counts in the present indictment; and I am of the opinion that the decision in that case does not control the present case.

In the former case the indictment charged a conspiracy to defraud the United States of sums to become due for internal revenue taxes of 10 cents per pound on oleomargarine not free from artificial coloration, by an act specifically prohibited by law; i. e., the removal of such oleomargarine from the place of manufacture for consumption and use, etc., without affixing the required coupon stamps, and without the payment of the tax—an act to be performed wholly at Providence, R. I.

The court followed the decision in Joplin Mercantile Co. v. U. S., 236 U. S. 531, 35 Sup. Ct. 291, 59 L. Ed. 705, as to the scope of the conspiracy, and was of the opinion that none of the acts alleged to have been done in New York was an act to effect the object of the conspiracy defined in the indictment.

[1-3] The present indictment sets forth a conspiracy of wider scope, including inter alia, as intended means of defrauding the United States, the concealment and clandestine use of artificial coloration, the failure to report such use to the revenue officers, and the removal of artificially colored oleomargarine for consumption and use, as and for uncolored oleomargarine, without payment of taxes due thereon.

It is evidence of a scheme to defraud by concealment and misrepresentation of the character of the taxable product, and by paying the

lower tax of one-quarter of a cent in lieu of the higher tax of ten cents per pound.

It is unnecessary to consider the differences in the counts, for upon the question whether there was before the commissioner sufficient evidence to show probable cause for finding that an offense had been committed of which the court in the Southern district of New York has jurisdiction, the indictment in each count sets forth, in addition to a charge of conspiracy, one or more acts which may properly be regarded as acts done in that district to effect the object of the conspiracy.

As the conspiracy charged includes as a part of the plan and as means for defrauding, the concealment of the character of the taxable product, acts to effect such concealment must be regarded as overt acts under this indictment, though the same could not be so regarded under the former indictment.

While the indictment is prolix, and sets forth as overt acts many acts which cannot be regarded as acts to effect the object of the conspiracy, yet as only one overt act is essential to complete the statutory offense, and as acts of this kind are set forth in each count of the indictment, it appears that an offense is charged of which the District Court of the Southern District of New York has jurisdiction, by virtue of the commission in that jurisdiction of overt acts, irrespective of the actual place of the formation of the conspiracy or of the presence in that jurisdiction of all of the conspirators.

Objections to many of the allegations of overt acts, and to the technical sufficiency of other allegations, may be presented to the trial court, and need not be here considered.

I am of the opinion that the commissioner correctly found that upon the face of the indictment it appeared that the offense charged was within the jurisdiction of, and triable in, the District Court of the United States for the Southern District of New York; that there was sufficient evidence of probable cause; and that there is no error in his finding, or in issuing the warrants for commitment upon which, as appears by the marshal's return, the petitioners were held in custody.

The petition must be dismissed.

&⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes