## In re TILLINGHAST. In re BARBER. In re FENNER.

(District Court, D. Rhode Island. June 30, 1916.)

Nos. 1262–1264.

CRIMINAL LAW ⬳242(1)—REMOVAL FROM DISTRICT OF RESIDENCE—WARRANT.
Where defendants were indicted in the District Court for the Southern District of New York, a warrant for their removal will be granted by the District Court for Rhode Island, in which state defendants resided, notwithstanding the pendency of an indictment in that court against them for similar offenses; defendants making no claim for speedy trial in the

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

District Court for Rhode Island, and there being no showing that the granting of the warrant of removal would result in unreasonable delay.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 509, 510; Dec. Dig. ☞242(1).]

In the matter of Frank W. Tillinghast, of Leonard L. Barber, and of Sam A. Fenner. On petitions by the United States for warrants of removal. Petitions granted.

Harvey A. Baker, U. S. Atty., of Providence, R. I., for petitioners.

Charles C. Mumford, John S. Murdock, and Michael J. Lynch, all of Providence, R. I., opposed.

BROWN, District Judge. These petitions of the United States for warrants of removal, and the petitions for discharge upon writs of habeas corpus, were heard together.

The opinion of the court on habeas corpus proceedings filed this day (Law No. 1260, 233 Fed. 710), disposes of most of the questions arising upon these petitions for warrants of removal.

The fact that indictments for another offense are now pending in this district is not, under the present circumstances, a sufficient reason for a refusal to issue warrants of removal. At the hearing an inquiry was made by the court whether the defendants claimed the right to a speedy trial of the indictments pending in this court, and whether they claimed that the right to such speedy trial would be unreasonably delayed by the removal; but, though opportunity was offered, no such claim was made.

There appears, therefore, no sufficient reason for denying the petitions for warrants of removal. Haas v. Henkel, 216 U. S. 462, 475, 30 Sup. Ct. 249, 54 L. Ed. 569, 17 Ann. Cas. 1112.

The petitions for warrants of removal are granted.